UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.71.90.38,<br><br>Defendant. | Case No. 19-cv-03849-SI<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE**<br><br>Re: Dkt. No. 7 |

The Court has reviewed plaintiff's ex parte application for leave to serve a third party subpoena prior to the Rule 26(f) conference. The Court finds that plaintiff has established that good cause exists for it to serve a third party subpoena on Comcast Cable (hereafter the "ISP"). *See generally Braun v. Doe*, No. 12-cv-3690 YGR (JSC), 2012 WL 3627640 (N.D. Cal. Aug. 21, 2012). The Court GRANTS plaintiff's ex parte application as follows:

Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide plaintiff with the true name and address of the defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach a copy of this Order to any such subpoena.

The ISP will have 20 days from the date of service upon it to serve John Doe with a copy of the subpoena and a copy of this Order. The ISP may serve the Doe defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

John Doe shall have 30 days from the date of service upon him, her, or it to file any motions in this Court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30–day period lapses without John Doe contesting the subpoena, the ISP shall have 14 days to

produce the information responsive to the subpoena to plaintiff.

The subpoenaed entity shall preserve all subpoenaed information pending the ISP delivering such information to plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

Any information disclosed to plaintiff in response to a subpoena may be used by plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. §§ 101–1322.

Plaintiff shall serve John Doe with the summons, complaint, and other documents required by Civil Local Rule 4–2 within 120 days of learning John Doe's identity. Should this litigation proceed after the service of summons, the complaint and other documents, the Court directs the parties to meet and confer regarding whether entry of a protective order is appropriate.

**IT IS SO ORDERED**.

Dated: August 9, 2019

SUSAN ILLSTON
United States District Judge